**SLIP OP 11-120**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| ZHEJIANG DUNAN HETIAN METAL CO., LTD.<br><br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant,<br><br>　　　　　　- and -<br><br>PARKER-HANNIFIN CORP.,<br><br>　　　　　　Defendant-Intervenor. | Before: Pogue, Chief Judge<br>Court No. 09-00217 |

<u>**ORDER FOR REMAND**</u>

　　This remand order follows the Court of Appeals for the Federal Circuit's opinion in <u>Zhejiang Dunan Hetian Metal Co. v. United States</u>, __ F.3d __, 2011 WL 2463651 (Fed. Cir. 2011) ("Zhejiang II"), vacating and remanding this court's previous judgment. <u>See</u> <u>Zhejian Dunan Hetian Metal Co. v. United States</u>, 707 F. Supp. 2d 1370 (CIT 2010) ("Zhejiang I").

　　In <u>Zhejiang I</u>, this court held, in part, that 1) the United States Department of Commerce ("Commerce") properly included data from Japan, France, and the United Arab Emirates ("UAE") when calculating surrogate value for brass bar; 2) Commerce reasonably applied an adverse inference to certain sales of frontseating service valves ("FSVs"); and 3)Commerce's use of the regression

model provided by its regulation for calculating a surrogate wage rate was reasonable. Zhejiang I, 707 F. Supp. 2d at 1366, 1380, 1371.

On appeal, Plaintiff, Zhejiang Dunan Hetian Metal Co. ("Zhejiang"), argued that when calculating a surrogate value for brass bar, Commerce erred in including World Trade Atlas ("WTA") Indian import data that included data from Japan, France, and the UAE because data from another source, InfoDrive, suggested that imports from these countries were improperly classified. See Zhejiang II, 2011 WL 2463651 at *6–7. Plaintiff also challenged the extent to which Commerce used adverse inferences in its calculation of missing sales data from December 2007. Id. at *10. Finally, Plaintiff challenged the Commerce regulation which used a regression model to calculate a surrogate labor wage rate. See id. at *14.

The Federal Circuit affirmed this court's holding that Commerce reasonably included data on imports of brass bar from Japan, France, and the UAE. Id. at *10. The Federal Circuit vacated and remanded with regards to Commerce's use of an adverse inference in the calculation of December 2007 sales. Id. at *14. The Federal Circuit found that the sale price of each FSV was determined by an earlier agreement and the gross price of December FSV sales was on the record. Id. at *12. Therefore, it held that Commerce was required "to use a partial AFA only in selecting the

quantity of the December 2007 sales of the FSVs at issue for purposes of calculating the relevant total dumping margin. <u>Id.</u> at *14.

With regards to surrogate labor rate, after this court issued <u>Zhejiang I</u>, affirming Commerce's use of a regression model, the Federal Circuit decided <u>Dorbest Ltd. v. United States</u>, 604 F.3d 1363 (Fed. Cir. 2010), invalidating the regulation that directed Commerce to use its regression model and instructing Commerce to recalculate surrogate labor value using a method in compliance with 19 U.S.C. § 1677b(c)(4). Both parties concede that <u>Dorbest</u> is controlling. See <u>Zhejiang II</u>, 2011 WL 2463651 at *14.

Therefore, in accordance with the decision of the United States Court of Appeals for the Federal Circuit in <u>Zhejiang II</u>, it is hereby:

**ORDERED** that the final determination and issuance of an antidumping duty order by Commerce in <u>Frontseating Service Valves from the People's Republic of China</u>, 74 Fed. Reg. 10,866 (Dep't Commerce Mar. 13, 2009) (final determination of sales at less than fair value and final negative determination of critical circumstances), challenged in Court No. 09-00217, is remanded to Commerce for action consistent with the decision in <u>Zhejiang II</u>; and it is further

**ORDERED** that upon remand, Commerce shall revise its calculation of surrogate labor rate in accordance with the decision

in <u>Dorbest Ltd. v. United States</u>, 604 F.3d 1363 (Fed. Cir. 2010); and it is further

    **ORDERED** that Commerce's determination is otherwise affirmed, and it is further

    **ORDERED** that Commerce shall file its remand results in Court No. 09-00217 with the Court, and serve the parties with the same, by November 28, 2011.  All parties may file and serve responses thereto by December 12, 2011.  All parties may file and serve a reply to any responses by December 26, 2011.


                                                                                        /s/ Donald C. Pogue
                                          Donald C. Pogue, Chief Judge


Dated: September 28, 2011
       New York, New York